IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
                                :
CHRISTOPHER J. FOX,             :     HON. JEROME B. SIMANDLE
                                :
           Plaintiff,           :     Civil No. 11-7236 (JBS/JS)
                                :
      v.                        :
                                :        OPINION
RICHARD L. CARTER, et al.,      :
                                :
           Defendants.          :
                                :
```

APPEARANCES:

Mary D'Arcy Bittner, Esq.
LAW OFFICE OF MARY D'ARCY BITTNER, LLC
15 Lake Vista Drive
P.O. Box 471
South Seaville, NJ 08246
      Attorney for Plaintiff Christopher J. Fox

Joseph M. Scott, Esq.
BARKER, SCOTT & GELFAND, P.C.
Linwood Greene
210 New Road Suite 12
Linwood, NJ 08221
      and
Allan E. Richardson, Esq.
RICHARDSON & GALELLA
142 Emerson Street Suite B
Woodbury, NJ 08096
      Attorneys for Defendants Richard L. Carter, Paul J. Baldini,
and the Borough of West Wildwood

Paul J. Baldini, Esq.
LAW OFFICES OF PAUL J. BALDINI
4413 New Jersey Avenue
Wildwood, NJ 08260
      Pro Se


**SIMANDLE**, Chief Judge:

I.  **INTRODUCTION**

      This matter is before the Court on Defendants Richard L.

Carter, Paul J. Baldini and the Borough of West Wildwood's Motions to Dismiss [Docket Items 13 and 14] and Plaintiff Christopher J. Fox's motion to expedite determination on the merits, or in the alternative, a motion for preliminary injunction [Docket Items 9 and 10.]    The instant action arises out of the refusal of the Clerk of the Borough of West Wildwood, Richard Carter, to accept Plaintiff Christopher Fox's ("Plaintiff") petition to suspend an ordinance.  The complaint was originally filed in state court and contains two counts.  The first count seeks a declaration that the newly enacted ordinance is subject to the Initiative and Referendum Statute, N.J.S.A. 40:74-5.  This ordinance changes the date of West Wildwood's non-partisan elections from May to November and is effective immediately.  The second count alleges violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983.  This case was removed to federal court on the basis of Count II, since a federal question is presented, and this Court has jurisdiction over Count II pursuant to 28 U.S.C. § 1331.

     The motion for expedited relief was filed by the Plaintiff and seeks relief only as to Count I.   The Plaintiff seeks an order from the court suspending the ordinance.   The two motions to dismiss pertain to Count II and argue the Plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

Both motions seek the dismissal of Count II.  As to Count I, the Defendants argue that the court should decline to exercise supplemental jurisdiction and remand the matter to state court.

For the reasons discussed below and expressed on the record at oral argument, the Defendants' motions to dismiss will be granted.  Plaintiff's allegations in Count II do not state a plausible basis for relief as the Plaintiff does not allege a violation of a federal right, for reasons discussed in Part III. C, below.

The court will decline to decide Plaintiff's motion for expedited relief, or in the alternative, a motion for preliminary injunction upon Count I, because the court declines to exercise supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(c).  As explained below in Part IV, the Court finds that Count I raises a novel issue of state law which substantially predominates over the federal claim that was the basis for removal, and that the Superior Court is the appropriate forum to decide this intensely local issue of municipal governance. Therefore, the court will remand the case to state court and defer to the state court to decide the Plaintiff's preliminary injunction motion.

## II.  BACKGROUND

The facts of this case are straightforward and undisputed. On October 7, 2011, the governing body of the Borough of West

Wildwood ("West Wildwood") adopted Ordinance 509-2011 ("Ordinance"), effective immediately. (Compl. ¶ 6.) The Ordinance changed the date of West Wildwood's non-partisan election from May to the date of the General Election, the Tuesday after the first Monday in November. (Compl. ¶ 5.)

A petition to repeal the Ordinance or put the same to a vote was then circulated among registered voters of West Wildwood. (Compl. ¶ 7, Pl.'s Ex. B to the Complaint.) The petition gathered 89 signatures. (Pl.'s Ex. B to the Complaint.) The Plaintiff, Christopher J. Fox, appeared at the Office of the Borough Clerk, with counsel, during normal business hours, on Wednesday, October 26, 2011, to file the petition. (Compl. ¶ 8.) The Plaintiff requested to see the Clerk, Richard L. Carter, to file the petition. (Compl. ¶ 9.) The Plaintiff was advised by an employee of the Clerk's Office that Mr. Carter was out of the state for a couple of days. (Compl. ¶ 10.)

The Plaintiff then advised that he wanted to file a petition with the Clerk's Office and extended his hand with the document. (Compl. ¶ 11.) The employee of the Clerk's office stepped away from the counter and said she could not take the petition because she was told not to take it. (Compl. ¶ 12.) The employee then presented the Plaintiff with a piece of paper from behind the counter, which was correspondence dated September 30, 2011 to the Clerk from the Borough Solicitor, Paul J. Baldini, Esq. (Compl.

4

¶ 14.)

The correspondence stated "you are advised that no petition should be accepted or reviewed by the Clerk's office under the Initiative and Referendum Statute."  (Compl. ¶ 15 and Pl.'s Ex. C to the Complaint.)  Another employee from the Clerk's office then arrived and spoke to the Plaintiff.  This second employee allegedly reiterated that they were given specific instructions not to accept any petition regarding the Ordinance if someone came in and that they "were just doing what they were told." (Compl. ¶ 17.)

The Plaintiff then called Mr. Baldini at his office.  His office advised that Mr. Baldini was not available.  (Compl. ¶ 18.)  The Plaintiff then drove to the County Clerk's Office in Cape May Court House and requested it be filed with the County Clerk.  (Compl. ¶ 20.)  The County Clerk advised Plaintiff that she had no oversight authority for Municipal Clerks and could not file a municipal petition nor direct the Office of the Borough Clerk to accept the petition for filing.  (Compl. ¶ 21.)

The Plaintiff then filed the instant action in New Jersey Superior Court - Cape May County against Defendants Borough of West Wildwood, Richard L. Carter and Paul J. Baldini ("the Defendants").  [Docket Item 1.]  The complaint alleges that the Defendants violated N.J.S.A. 40:74-5, New Jersey's Initiative and Referendum Statute, by refusing to accept Plaintiff's petition.

The complaint also alleges that the Defendants violated Plaintiff's rights under the United States Constitution and the New Jersey State Constitution pursuant to 42 U.S.C. § 1983 by denying Plaintiff the right to file a petition pursuant to law; improperly influencing the actions of employees of the Office of the Borough Clerk; and conspiring to prevent Plaintiff from filing the petition.

The Defendants then removed the case to federal court on the basis of Plaintiff's 1983 claim.  [Docket Item 1.]  All Defendants then filed their answers to the complaint.  [Docket Items 2 and 5.]  The Plaintiff then filed the instant motion to expedite determination on the merits, which this court has deemed a motion for preliminary injunction.  [Docket Items 9 and 10.] The Defendants then filed two motions to dismiss.  [Docket Items 13 and 14.]  The Court heard oral argument on February 21, 2012.

## III.  DEFENDANTS' MOTIONS TO DISMISS

### A. The Instant Motion

Defendants Richard L. Carter and Borough of West Wildwood filed a motion to dismiss Count II pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants Borough of West Wildwood, Richard L. Carter and Paul J. Baldini also filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  Since both motions raise similar arguments, this opinion will address them both together rather than separately.

6

First, the Defendants argue that Count II of Plaintiff's complaint must be dismissed because the Plaintiff has failed to allege with specificity what federal right he contends was violated.  The Defendants argue that at best, the Plaintiff has alleged a violation of a state statute and maintain that the Plaintiff has not identified a First Amendment Petition Clause deprivation claim.

Second, to the extent that the Plaintiff alleges a conspiracy in violation of 42 U.S.C § 1985(3), the Defendants argue this claim should also be dismissed because the Plaintiff has failed to allege the elements of conspiracy.  In particular, the Plaintiff has not alleged what federal right was violated and whether there was a meeting of the minds.

Next, the Defendants contend that Defendant Carter is entitled to qualified immunity and that West Wildwood should be dismissed because the Plaintiff has only alleged respondeat superior liability which is not available under § 1983.

Finally, all Defendants argue that the court should decline to exercise supplemental jurisdiction if the federal claims in Count II are dismissed.  They argue that the remaining claims are issues of complex state law and should be left to the state courts to decide.  Further, the Defendants argue that the Plaintiff will not be prejudiced because he will still have 12 days to seek relief in state court prior to the March 5, 2012

deadline for the May election.  In addition, the Defendants argue that the Plaintiff chose to include the § 1983 claim seeking punitive damages against these public officials, adding that if the Plaintiff wanted expeditious relief to file his petition, he should not have included the federal claims in Count II.

Plaintiff Fox has filed opposition to the motions to dismiss.  First, the Plaintiff argues that the Defendants should not have removed the case only to argue for dismissal and a subsequent remand.  The Plaintiff maintains that these are tactical maneuvers to delay a decision on the merits of the case and consequently prevent the May election.  Therefore, the Plaintiff argues that this court should keep jurisdiction to decide the pending state law claims even if the federal claims in Count II are dismissed.

The Plaintiff argues that the federal claims should not be dismissed because the right to petition local government is constitutionally protected.  The Plaintiff cites to <u>Foraker v. Chaffinch</u>, 501 F.3d 231 (3d Cir. 2007) but does not present any argument to support this conclusory statement.  The Plaintiff next says he plans to amend the complaint to include violations of Plaintiff's procedural and due process rights as a result of the countersuit filed by Mr. Baldini.[1]

---

[1] As this claim is not presently in the complaint, it is irrelevant in determining the instant motion.

8

Next, the Plaintiff argues that the Borough should not be dismissed as a defendant because Solicitor Baldini declared a policy that no petition pertaining to a particular ordinance be accepted for filing.  The allegation of a municipal policy is absent from the pleadings and appears for the first time in Plaintiff's brief.  The Plaintiff argues that this policy deprived the Plaintiff of a constitutional right.

Finally, the Plaintiff argues that Clerk Richard L. Carter should not be dismissed as a party because the Clerk's refusal to accept Plaintiff's petition was not reasonable.  The Plaintiff cites state law in support of her argument and does not address whether Defendant Carter is entitled to qualified immunity as to the federal § 1983 claims.

**B. Standard of Review**

In order to give defendant fair notice, and to permit early dismissal if the complained-of conduct does not provide adequate grounds for the cause of action alleged, a complaint must allege, in more than legal boilerplate, those facts about the conduct of each defendant giving rise to liability. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a) and 11(b)(3).  These factual allegations must present a plausible basis for relief (i.e., something more than the mere possibility of legal misconduct).  <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1951 (2009).  In its review of a motion to dismiss pursuant to

Rule 12(b)(6), Fed. R. Civ. P., the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S.Ct. at 1949.

Similarly, judgment pursuant to Rule 12(c), "will only be granted where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law." DiCarlo v. St. Mary Hosp., 530 F.3d 255, 259 (3d Cir. 2008).  Where the movant alleges that the complaint fails to state a claim upon which relief can be granted, the court applies the same standards as under Rule 12(b)(6).  Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991); Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) (applying Rule 12(b)(6) standard to Rule 12(c) motion).

**C. Analysis**

**1. Has the Plaintiff stated a claim under 42 U.S.C. § 1983?**

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) a person deprived him of a federal

right; and (2) the person who deprived him of that right acted
under color of state or territorial law.  Groman v. Township of
Manalapan, 47 F. 3d 628, 633 (3d Cir. 1995).

In his complaint, the Plaintiff alleges the Plaintiff was
denied his "right to file a petition pursuant to law."  (Compl. ¶
31(a).)  The Plaintiff does not specify what federal right was
infringed, for instance, alleging that the Plaintiff's First
Amendment rights were violated.[2]  Rather, the Plaintiff's
allegations are vague and require the Defendants to guess what
"pursuant to law" means under the federal constitution.[3]

Even assuming the Plaintiff properly alleges a First
Amendment violation in his complaint, the issue remains whether

_____

[2] At oral argument, Plaintiff's counsel for the first time
suggested that Count II involves deprivation of substantive due
process in violation of the Fourteenth Amendment, or a violation
of voting rights, but no source of such authority is offered and
the court is aware of none.  A violation of substantive due
process is recognized only in limited circumstances and for the
most part applies to matters "relating to marriage, family,
procreation and right to bodily integrity."  Albright v. Oliver,
510 U.S. 266, 272 (1994).  Likewise, there is no procedural due
process violation where state law affords an avenue of redress,
for that is the process that is due.  See Hudson v. Palmer, 468
U.S. 517, 533 (1984); Revell v. Port Authority of New York, New
Jersey, 598 F.3d 128, 138 (3d Cir. 2010); and Alvin v. Suzuki,
227 F.3d 107, 116 (3d Cir. 2000).  Finally, Plaintiff has not
indicated any federal voting rights statute that is allegedly
infringed by the procedures followed by the Defendants herein.
It does not appear that any of these new theories provides a
plausible basis for Plaintiff's Count II claim.

[3] The Plaintiff does not dispute that there is no federal
statute permitting him to file a petition challenging a local
ordinance.

the First Amendment protects Plaintiff's right to file a petition for referendum challenging the passage of a local ordinance.

The Plaintiff relies on Foraker v. Chaffinch, 501 F.3d 231 (3d Cir. 2007).[4]  This case is distinguishable from the instant action.  In Foraker, the Third Circuit addressed whether complaints made by two Delaware state policemen to their supervisors about the condition of a gun range constituted a petition under the First Amendment.  Id. at 233-34.  The Third Circuit concluded that "right to petition for redress of grievances [does not] imply a duty of the government to make every government employee [or entity] a petition receiver."  Id. at 239.  The Third Circuit concluded that the plaintiffs' complaints to their employer, a state agency, through informal means, did not constitute a government petition protected under the First Amendment.  Id. at 238-39.

In addition, the Third Circuit in Foraker discussed the petition clause at length and explained "when one files a 'petition' one is not appealing over government's head to the general citizenry: when one files a 'petition' one is addressing government and asking government to fix what, allegedly, government has broken or has failed in its duty to repair."  Id.

---

[4] The decision in Foraker was abrogated by the Supreme Court on other grounds in Borough of Duryea, Pa. v. Guarnieri, 131 S. Ct. 2488 (2011)(holding a government employee's claim under the Petition Clause is subject to the public concern test applicable to a government employee who files a Free Speech Clause Claim).

at 236.  The Third Circuit further reiterated "the scope of the
petition right depends upon the context in which the right is
exercised is particularly persuasive because the scope of the
free speech right--a right that, like the petition right, is
stated in unqualified terms in the first amendment--depends on
the context in which that right is exercised." Id. (citing San
Filippo v. Bongiovanni, 30 F.3d 424, 438 (3d Cir. 1994)).

Plaintiff's reliance on Foraker is misplaced.  It is clear
that  Plaintiff's petition for referendum should not be
considered a government petition under the First Amendment.  The
purpose of the Plaintiff's petition was to suspend the ordinance
and put the issue to the public in a general election.  It was
not a petition to the government "asking government to fix what,
allegedly, government has broken or has failed in its duty to
repair." Foraker, 501 F.3d at 236.  Rather, the Plaintiff's
petition in essence would suspend the legislative act taken by
the West Wildwood Board of Commissioners and be "appealing over
government's head to the general citizenry," which is not the
mark of a petition for redress of a grievance under the First
Amendment.  Id.

Further, the case law presented by the Defendants is
persuasive.  The Defendants cite to Minnesota State Bd. for
Community Colleges v. Knight, 465 U.S. 271, 285 (1984).  The U.S.
Supreme Court held:

13

> Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues. Indeed, in <u>Smith v. Arkansas State Highway Employees</u>, 441 U.S. 463, 464-466 (1979), the Court rejected the suggestion. No other constitutional provision has been advanced as a source of such a requirement. Nor, finally, can the structure of government established and approved by the Constitution provide the source. It is inherent in a republican form of government that direct public participation in government policymaking is limited. See The Federalist No. 10 (J. Madison). Disagreement with public policy and disapproval of officials' responsiveness, as Justice Holmes suggested in <u>Bi-Metallic</u>, <u>supra</u>, is to be registered principally at the polls.

<u>Id.</u>

This holding clearly explains that the right to petition under the First Amendment is not a mechanism for the public to directly change legislative policy. Further, Supreme Court precedent teaches that nothing in the First Amendment requires a government to listen or respond to an individual's petition. In this case, the First Amendment did not require the Clerk's Office to accept or acknowledge Plaintiff's petition. If the Plaintiff was unhappy with the ordinance, his recourse under the federal constitution is limited. The Plaintiff could vote the Borough Board of Commissioners out of office in the general election, but the Plaintiff did not have a right to file a petition suspending the ordinance under federal law.[5]

---

[5] Whether Plaintiff had a right to file the petition for a referendum under New Jersey law is the issue presented in Count I, as to which this court expresses no opinion.

The Third Circuit has reinforced this holding recently in
Kerchner v. Obama, 612 F.3d 204, 209 (3d Cir. 2010).  In this
case, the Third Circuit reiterated that "claims under the First
Amendment are without merit because the individual right to
petition does not require government policymakers to . . .
respond to individuals' communications on public issues."  Id.
(citation omitted).  It is clear that there was no requirement
under the First Amendment for the Clerk's office to accept or
consider Plaintiff's petition.

Therefore, Plaintiff's federal claims pursuant to 42 U.S.C.
§ 1983 will be dismissed because the Plaintiff has failed to
allege an infringement of a federally protected right.

### 2.  Has the Plaintiff alleged a conspiracy to violate his civil rights?

For the reasons discussed above, the Plaintiff has not
alleged a cognizable violation of a federal right, so therefore,
the Plaintiff's claims alleging a conspiracy to violate his
federal rights also must fail.

The Plaintiff's conspiracy allegations are based on the fact
that the municipal solicitor, Defendant Baldini, gave advice to
the municipal clerk, Defendant Carter, regarding the
applicability of the initiative and referendum statute to the new
ordinance.  Without more, the Plaintiff's allegations are merely
a disagreement with Defendant Baldini's legal conclusions and not
a conspiracy to violate federal constitutional rights.  Further,

15

nothing in the Complaint suggests that this conspiracy was the product of class-based invidious discrimination, which is required for a federal civil rights conspiracy under 42 U.S.C. § 1985(3).  Griffin v. Brekenridge, 403 U.S. 88 (1971).  If Plaintiff seeks relief against a conspiracy to violate a state statute, his relief, if any, lies in an action for civil conspiracy arising under state law.

### 3. Should the Borough be dismissed?

The Defendants also argue that the Borough of West Wildwood should be dismissed as a defendant as to the § 1983 claims.  In particular, the Defendants argue that the complaint pleads only allegations through respondeat superior liability which is insufficient for § 1983 liability.

It is well settled that "[S]ection 1983 will not support a claim based on a respondeat superior theory of liability."  Polk County v. Dodson, 454 U.S. 312, 325 (1981); Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) ("There is no respondeat superior theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents").  Instead, for municipal liability to attach a plaintiff must allege the municipality:  (1) established a policy or custom that deprived Plaintiff of his constitutional rights; (2) acted deliberately and was the moving force behind the deprivation; and (3) his injury was caused by the identified policy or custom.

16

Bd. of the County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403-04 (1997) (citing Monell, 436 U.S. at 690-91, 694).  A plaintiff can establish causation by "demonstrating that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences."  Id. at 407.

The Complaint states "The Borough of West Wildwood, through the actions of its employees and appointees, the Borough of West Wildwood was in violation of Plaintiff's civil rights."  (Compl. ¶ 33.)  This is clearly alleging a respondeat superior theory of liability, which is an impermissible basis for § 1983 liability.

The Plaintiff argues that he alleged a policy of refusing to accept petitions challenging this ordinance and therefore has established municipal liability.  This argument is insufficient. First, the Plaintiff does not allege the existence of a policy anywhere in the complaint.  Second, the Plaintiff has not alleged that West Wildwood acted deliberately to deprive the Plaintiff of his alleged constitutional right.  Third, and conclusively, this municipality cannot be found to have had a policy violating federal civil rights if the underlying conduct does not violate a federal right, as found above.

### 4. Qualified Immunity

As the court has concluded the Plaintiff has not alleged a deprivation of a federal right, the court does not need to consider whether the Defendants are entitled to qualified

17

immunity.  <u>Saucier v. Katz</u>, 553 U.S. 194, 202 (2001)("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

## IV.  SUPPLEMENTAL JURISDICTION

As the court has dismissed Plaintiff's federal cause of action in Count II, there is a serious question as to whether the Court should continue to exercise supplemental jurisdiction over Plaintiff's state law claims in Count I.  28 U.S.C. § 1367(a) and (c) provide:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (c)  The  district  courts  may  decline  to  exercise supplemental jurisdiction over a claim under subsection (a) if--
>    (1) the claim raises a novel or complex issue of State law,
>    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>    (3) the district court has dismissed all claims over which it has original jurisdiction, or
>    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The Third Circuit has also held, "where the claim over which the district court has original jurisdiction is dismissed before

trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

In this case, three subsections of Section 1367 are implicated.  First, subsection (c)(1) is implicated here because the remaining issues involve novel and complex state claims - whether the Initiative and Referendum statute applies to the newly enacted Uniform Nonpartisan Elections Law.[6]  The answer to this question will involve delving into the New Jersey legislature's intent in enacting the Uniform Nonpartisan Elections Law and will involve the court construing a purely state statutory right, the right to referendum under New Jersey law.

Secondly, subsections (2) and (3) are also implicated because the court, as it has dismissed Plaintiff's Section 1983 claim, has dismissed all claims that it has federal jurisdiction over.  Retaining jurisdiction over the state law claims only would be inappropriate in the circumstances presented here.  The complex state law claim substantially predominates over the Section 1983 claims that formed the sole basis for removal, since

---

[6] The Uniform Nonpartisan Elections Law was effective January 1, 2011.  N.J.S.A.40:45-7.1.

19

that count failed to state a claim.

The issue is whether the emergent circumstances warrant the court continuing to exercise supplemental jurisdiction notwithstanding dismissal of the federal claim. Here, the deadline of March 5, 2012 is important for the issue of a May election, apparently as the final date for candidates to file for a May election if one were ordered. The issue of whether the Ordinance is subject to the Initiative and Referendum statute will need to be decided prior to this deadline. If the court declines to exercise jurisdiction on February 21, 2012, that leaves the Plaintiff with 12 days to seek relief in state court.

After reviewing the arguments made by the parties, the court determines that this case should be remanded to state court. First, the case was originally filed in state court, so it is easily restored to its docket. Second, the Assignment Judge for Atlantic and Cape May Counties is designated by court rule to handle prerogative writ cases and therefore, is experienced in this type of election matter and will be able to decide the matter quickly. Third, the briefing is already complete on this preliminary injunction motion. The court will remand the matter back with the motion pending and ripe for review so it can be scheduled for a hearing consistent with the Superior Court's calendar.

Most importantly, this case presents a novel issue of state

20

law and is inappropriate for disposition by the federal court
under its supplemental jurisdiction.  Rather, under the
circumstances presented, state court is the appropriate forum to
determine whether the Plaintiff is entitled to relief under state
election and governance laws.  Therefore, this matter will be
remanded to state court.

## V.  CONCLUSION

The court grants the Defendants' motions to dismiss.
Plaintiff's allegations in Count II do not state a plausible
basis for relief because the Plaintiff has failed to allege a
violation of a federal right.

The court declines to exercise supplemental jurisdiction
over the remainder of Plaintiff's complaint pursuant to 28 U.S.C.
§ 1367(c).  The remaining count in the complaint raises a novel
issue of state law and the Plaintiff's Section 1983 claim which
was the sole basis for federal removal jurisdiction has been
dismissed.  Accordingly, the court will decline to decide
Plaintiff's motion for expedited relief, or in the alternative, a
motion for preliminary injunction which is directed at
Plaintiff's state law claims.  The court will remand the case to
state court and defer to the state court the Plaintiff's
preliminary injunction motion.

The accompanying Order will be entered.


**February 21,2012**                    **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge